FILED

APR 27 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Peace C. Esonwune
2909 9th Street
#408, Berkeley,
California, 94710

Telephone #510-529-5184
pchuddy86@gmail.com

UNITED STATES DISTRICT COURT

*PE* NORTHERN

FOR THE ~~EASTERN~~ DISTRICT OF CALIFORINIA

[Jurisdiction]

Peace C. Esonwune,  )  FIRST AMENDED *PE* COMPLAINT
                    )
    Plaintiff,       )  **Case No:CV-17-1102 LB**
                    )  **AMENDING AS A MATTER OF COURSE**
    vs.              )  **FED.R.CIVIL P. RULE 15(A)(1)**
                    )
REGENTS OF CALIFORNIA, et al,  )
                    )
1111 Franklin St. 8th Floor –X  )

OAKLAND, CA 94607,

TELEPHONE #510-987-9800

Defendant Chancellor Sam Hawgood

MBBS, in his individual capacity.

Defendants

_____

Case  No:CV-17-1102 LB

AMENDING AS A MATTER OF COURSE FED.R.CIVIL P. RULE 15(A)(1) - 1

NOW COMES Plaintiff,

hereby states as follow

# I.

## JURISDICTION & VENUE

1. This action arises under the Americans with Disabilities Act (ADA) under 42 U.S.C. §§ 12131-12165, 42 31*31 U.S.C. § 12132, 42 U.S.C. § 12133Act of 1990 ADA Amendments Act of 2008 (ADAAA),

2. This action arises under the Rehabilitation Act of 1973, under section 501 and 504 of the Rehabilitation Act of 1973 (29 U.S.C. 791,794) as amended, at 29 U.S.C. S. 794 (the "rehabilitation Act").

3. This action arises under the Education Amendments of 1972, Title IX (20 U.S.C. §§ 1681, et seq),

4. This action arises under Section 1983 of Title 42 of the U.S. Code and is part of the Civil Rights Act of 1871.

5. This action arises under California Constitution Article 9 Education (f).

6. The court has jurisdiction under

a. 28 U.S.C. Section 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

b. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343(3) and (4), which gives district courts jurisdiction over actions to redress the

unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.

c. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. Federal courts are authorized to hear cases brought under section 1983 pursuant to two statutory provisions: 28 U.S.C.A.§ 1343 (3) (1948) and 28 U.S.C.A. §1331, by way of the U.S. Constitutions 14th Amendment. This Court may also exercise pendant jurisdiction over the Plaintiff's state law claims, arising under the common law and statutes of the State of California, and which arises from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7. Plaintiff, incorporates paragraphs 1-6 above.

## II

Under Federal Colors of Law, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a) (3).

8. Jurisdiction is conferred upon this court by 28 U.S.C. §1346 (b)

9. Pursuant to 28 U.S.C. § 2675(a) the claim set forth herein was presented to Regents of California from January 19, 2017 to February 24, 2017.

10. On April 11, 2017, Regents of California Attorney, stated that claims were not in his purview, before this action was instituted, the claim set forth herein was presented to [Regents of California ]. Said agency having failed to make a final disposition of the claim within that time, plaintiff deems such failure to be a denial thereof.

11. Venue is appropriate in this judicial district under 28 U.S.C. S 1391 (b)

because the events that gave rise to this Complaint occurred in

the Federal Court District For The Eastern District of

California .

## III.

## PARTIES

12. Plaintiff, incorporates paragraphs 7-11 above

13.Plaintiff,  Peace C. Esonwune, herein referred to as  [Esonwune] is, a Citizen of the United States, of Nigerian Decent and an adult female individual, who resides at 2909 9th Street #408, Berkeley, California, 9471. At all relevant times, she was an individual with disabilities, within the meaning of  42 U.S.C. §§ 12131-32.

14. Plaintiff [Esonwune] filed a Formal Grievance on January 19, 2017,

against the Defendant, (Regents of California). The Defendant,

(Regents of California), did not respond to the Formal Complaint.


## DEFENDANTS


15. Defendant, (Regents of California), is a Public entity for the purposes of

the ADA  pursuant to 42 U.S.C. §§ 12131-32, and activities receiving

federal assistance acting under the color of State of California and federal

law.

16.  The Defendant, (Regents of California), under Title IX of the

Educational Amendments Act of 1972, Title IX, codified at 20 U.S.C.

§ 1681(a), received Federal Funding.


17.  The Defendant, (Regents of California), herein referred to as [Regents]

is legally responsible for  the operation of, University California San

Francisco, School of Pharmacy and School of Medicine, and the welfare of

all the  Students and Employees.  The Main office is  located at 1111

Franklin St. 8th Floor -X, Oakland, California, 94607.  The [Regents] is

under  Laws of the United States and the State of California .

18. Defendant  Chancellor Sam Hawgood MBBS, is the Chancellor of

University California San Francisco.   Defendant Chancellor Sam Hawgood

MBBS, is sued in his individual capacity as the Chancellor of  University

California San Francisco.

Under ADA  pursuant to 42 U.S.C. §§ 12131-32, and activities receiving

federal assistance acting under the color of State of California and federal

law.

19.The Defendant, Chancellor Sam Hawgood MBBS, as Chancellor of

University California San Francisco. under Title IX of the Educational

Amendments Act of 1972, Title IX, codified at 20 U.S.C.  1681(a), and

received Federal Funding.

20.Defendant Chancellor Sam Hawgood MBBS herein

referred to as [Chancellor]  is responsible for the

day to day operation at UC San Francisco  and the welfare of all the

Students and Employees interaction with the University.  University

of California, San Francisco, Office of the Chancellor, Box 0402-550

16th, Street, 7th Floor, San Francisco, CA, 94143. The [Chancellor] is

under Laws of the United States and the State of California .

21. Plaintiff, incorporates paragraphs 12-20 above.

# IV.

## ADMINISTRATIVE PREQUISITES

22. Plaintiff [Esonwune], has complied with all the administrative prerequisites

to action, Plaintiff [Esonwune) filed a Formal Grievance with [Regents] on

January 19, 2017, and informed [Chancellor] on February 01, 2017, of "Sex-based

Harassment."

23. No administrative prerequisites are required before a Plaintiff

files a complaint pursuant to the, Americans with Disabilities Act (ADA)

under Act of 1990.

24. Plaintiff,  incorporates paragraphs 22-23 above.

# V.

## STATEMENT OF CLAIM

25.  Plaintiff  Peace C. Esonwune, herein referred to as  [Esonwune] is,

a United States Citizen, of Nigerian Decent and an adult female individual.

26. This is an action to vindicate violations of the Plaintiff's [Esonwune] civil

rights and to redress the unlawful and discriminatory conduct practices of the

Defendants. This action arises out of the illegal and wrongful acts, Suspension, and

[Esonwune) was, denied Reasonable Accommodation as a qualified Disabled Student.

27. In September 2013, ([Esonwune]) enrolled as a professional student in the University's School of Pharmacy.

28.On September 03, 2013 , [Esonwune] registered with UCSF Disability Service, she also registered in the Fall of 2015 with UCSF Disability Service.

29. In Fall of 2014, Plaintiff [Esonwune] learned that Asian Professors Employees did not want to meet with African Disable Students, they would not keep their Office Hours or tell her that they were busy if she would stop to speak with them after class.

When Asian Professors want to write her up for some alleged violation of school rules, they would become available.

30. In the Winter of 2015, [Regents Employee] Professor Betty Dong, gave her an Exam and did not provide her with the proper instructions, for taking the Exam. Plaintiff [Esonwune] received a letter grade of a (D). Professor Betty Dong refused to change the grade or meet and confer with her, even after she was emailed about wrong instructions given for exam.

31. In the summer of 2015, Plaintiff [Esonwune] was informed by [Regents Employee]  Dr. Jaekyu Shin, that she fail an examination.  Plaintiff asked to review the examination.  Dr. Jaekyu Shin Refused to let plaintiff inspect

examination, in October of 2015.

32. ([Esonwune]) then asked if she could be given an opportunity to retake the final exam since she was not able to prepare for the Remediation exam offered over the summer because she was taking care of her son who sustained a sports injury (fractured right knee).

33. Plaintiff [Esonwune] was seeking support from the course director as recommended by the Associate Dean of Student and Curriculum Affairs so that she does not have to wait a year before continuing her education. Instead of being supportive, Employee, Dr. Jaekyu Shin, started yelling at the petitioner accusing her of being self-centered. Moreover, only caring about herself without consideration of others.

34. [Regents' Employee] Dr. Jaekyu Shin continued to blame (Plaintiff) [Esonwune] of usurping more than her share of the school's **resources** since arrangements have to be made and a proctor has to be paid for the student to take her exams. [Employee Regents] Dr. Jaekyu Shin yelled at (Plaintiff) [Esonwune] words were stinging. "You have a tendency to kill stroke patients." (Plaintiff) was forced to retake the exam in the Spring of 2016, which she attained a Letter grade of (A).

35. After the incidents where Dr. Jaekyu Shin yelled at (Petitioner) [Esonwune], she had to receive counseling treatment at UCSF Student Counseling Service. Dr.

Jaekyu Shin did not provide plaintiff [Esonwune] with reasonable

accommodations under the ADA 1990.

36. On August 15, 2016 to September 23, 2016, [Regents Employee] Dr. Maggie

Hingman Moy was assigned as (Plaintiff's) Preceptor, for August 15, 2016 to

September 23, 2016. On the First Day of Class Dr. Maggie Hingman Moy

informed Plaintiff [Esonwune] that she does not feel comfortable allowing to

(Plaintiff) [Esonwune] **to see patients,**

37. Throughout the rotation, Dr. Maggie Hingman Moy was indifferent,

unsupportive, and disinterested in providing real training to [Esonwune] anytime

Plaintiff [Esonwune] asked her preceptor, for help.

38. On September 12, 2016, (Plaintiff) [Esonwune] presented her (Presentation) to

Dr. Maggie Hingman Moy who was indifferent, Dr. Maggie Hingman Moy

entertained two telephone calls, while Plaintiff [Esonwune] was presenting her

(Presentation).

39. On or about  September 15, 2016,  [Regents Employee]  Dr. Katherine Yang

Filed a discipline report known as (PCR) over Email. Due to Plaintiff [Esonwune],

being unable to respond to earlier emails for  CP150 project-Related emails from

Dr. Heidi Marie Macmaster.

40. Dr. Katherine Yang gave NO verbal warning,  UCSF School of Pharmacy

School policy, require a verbal warning.  Dr. Katherine Yang did not provide

plaintiff [Esonwune], with reasonable accommodations under the ADA 1990.

41.On October 21, 2016, Dr. Jennie Chang (contract employee of Regents) and [Esonwune], Completed (Midterm Evaluation). Dr. Jennie Chang informed Petitioner not to upload the (Midterm Evaluation), for she wanted to add a Sentence or two in the comments area of the evaluation.

42. On October 21, 2016, [Esonwune], printed a copy of the (Midterm Evaluation). (Plaintiff) [Esonwune], received a passing grade on (Midterm Evaluation). [Esonwune], printed out a copy of the ten pages of the evaluation on the same day.

43. On November 03, 2016, Dr. Jennie Chang, submitted a (revised midterm evaluation as recorded in ( Eval system) that covered Interaction with Patients. (Petitioner) Had no interaction with any Patients during the (Six Week Rotation).

44. On November 03, 2016, Dr. Jennie Chang, also added her comment that the [Esonwune], CV was misleading about her oncology-work experience.  This false accusation of the Petitioner by Dr. Jennie Chang will cause professional damage to the Plaintiff [Esonwune].

45. On November 04, 2016 [Esonwune] was in her FDA Pharmacy Student Experiential Program exit meeting with Dr. Jennie Chang in the Washington D.C. Area and was informed by Dr. Jennie Chang, that she was not a good student, per Staff Members at (UCSF).

46. December 21, 2016, Plaintiff [Esonwune], was contracted by, (UCSF Harassment Attorney Viranond Kanita), by email.

47. From December 21, 2016, to January 15, 2017, Plaintiff [Esonwune], filed

several emails, with the (UCSF Harassment Attorney Viranond Kanita), about her

concerns about Racial Harassment and Discrimination, by the staff members.

48. On December 27, 2016, (Employee) Dr. Yang emailed, [Esonwune],

demanding an answer about a (Student Project). ([Esonwune], was written up for

not answering (email) within certain numbers of hours.    ([Esonwune], was

recovering from an automobile accident, that occurred on December 05, 2016,

when the unknown driver ran a red light and hit (Plaintiff). ([Esonwune],)

Sustained injuries. Plaintiff was also observing her religious holidays.

49. On Jan 01, 2017, Dr. Yang  filed (IRB) report with the Federal Government,

the Federal Government, rejected her finding of [Esonwune],violating (IRB).

50. On Jan 04, 2017, Dr. Yang, after losing the (IRB), filed a complaint with the

(UCSF Office of  Privacy). Dr. Yang, then enlisted the help of (Employee) Dr.

Candy Tsourounis, to write [Esonwune], up for alleging violating (Patient

information discharge data).

51. Dr. Yang and [ Regents Employee]  Dr. Tsourounis has been acting arbitrary,

 capricious and in bad faith.

52. On Jan 18, 2017, in an email from the [Regents Employee], Dr. Sharon L.

Youmans Office of Vice-Dean, informed [Esonwune], that she would be

dismissed from school for not showing up for a meeting. Plaintiff informed Dr.

Youmans, that she would have to ride public transportation for over two hours.

53. Dr. Youmans knew  [Esonwune], was engaged in a (Protected Activity) with the (UCSF Harassment Attorney Viranond Kanita). Dr. Youmans knew Plaintiff was a Disabled Student under (ADA) and The UCSF Disability Service and made no offer to accommodate her on transportation. Dr. Youmans  has been acting arbitrary, capricious and in bad faith, under  ADA 1990.54.

 On Jan 19, 2016, [Esonwune], Formal Grievance was received at the UC Regent President Office Oakland California. It outlines Disability Discrimination, Racial Discrimination and Gender Discrimination by UC Regents and their Staff Members.

55. On February 01, 2017, Plaintiff Peace Esonwune was placed on Academic Probation, by Vice- Dean Sharon L. Youmans, and expelled from all classes at the UCSF School of Pharmacy without Notice. Dr. Sharon L. Youmans, sent  an **Email**).  Dr. Youmans has been acting arbitrary, capricious and in bad faith.

56. [Esonwune], was suspended on February 01, 2017, from all classes at UC San Francisco University School of Pharmacy and University, for emailing with UCSF Harassment Attorney Viranond, Kanita, from December 21, 2016, to January 15, 2017.

57. [Esonwune], was suspended on February 01, 2017, from all classes at UC San Francisco University School of Pharmacy and University, for filing a Formal Grievance on January 19, 2017, about ADA Reasonable Accommodation, with the UC Presidents Office.

58. [Esonwune], remained suspended after filing Appeal with the [Chancellor] over "Sex-based "harassment issues.

59. [Esonwune], was suspended on February 01, 2017, from all classes at UC San Francisco University School of Pharmacy and University, for her project work Control [#2017-A-6117]-Diabetes.

60.  On March 14, 2017,Plaintiff's [Esonwune] as co-author of [Control #2017-A-6117]-Diabetes, *The Effect of a Virtual Glucose Management Service (vGMS) on Provider Insulin Orders*, **has been selected for a poster presentation** at the American Diabetes Association's 77th Scientific Sessions.

61. On Feb 02, 217,  [Esonwune], emailed  Dr. Youmans, informing her of her right to Appeal to the Chancellor's Office, which she did. In accordance with UCSF School of Pharmacy Policy on student misconduct in academic studies:  The accused student shall be given a minimum of 10 business days advance written notice of the time and place of the hearing. The notice shall include a brief statement of the factual basis of the charge (s), and the policies alleged to have been violated. Her ten business days started on January 27, 2017.

62. [Esonwune] received a write-up on Jan 2017, alleging violating the Privacy Act of a Patient, on a Research Project and not answering Email in a timely manner. The [Regents] did not provide an (Employee) with Juris doctorate, to teach Privacy  Laws or Privacy Policy or Class.

63. On February 01,2017, [Esonwune], was suspended from all UCSF Class and Work Sites, for not answering Email or attending a meeting. [Esonwune], had raised Sex-based "harassment issues and ADA. [Esonwune] was not allowed to complete her studies at UCSF School of Pharmacy. John (Doe) a Male Student committed Sexual Assault, as UCSF Student, was allowed to Complete his studies at UCSF School of Pharmacy in May 2015.

64. In January 2017, the UCSF School of Pharmacy hearing panel (which erroneously imposed discipline on [Esonwune], its Dean Dr. Youmans, (who rejected her appeal ) in February 2017, were all motivated in their actions by pro-male, anti-female bias, the same bias, that allowed John (Doe) Sexual Assault to go undisciplined.

65. UCSF School of Pharmacy was turning a blind eye to [Esonwune], female students' charges of Sex-based "harassment. Both the Vice Dean Dr. Youmans, and the hearing panel failed to act in accordance with University procedures designed to protected charging students. The panel, and the reviewing Vice Dean, reached conclusions that were incorrect and contrary to weight of the evidence.

66. UCSF Chancellor Sam Hawgood MBBS, Dean Dr. Youmans, and Hearing Panel, knew that John (Doe) Sexual Assault had been delayed, allowing him to graduate in May 2015.

67. [Esonwune], a Student at UCSF School of Pharmacy, is forced to take out

Loans to pay for majority of her Education, while Students at UCSF School

Medicine, received more Scholarships to pay for their Education, than Students at

UCSF  School of Pharmacy.

68. There is no Enforcement by Individuals or Groups of the Americans with

Disabilities Act (ADA) under 42 U.S.C.A. §§ 12101-12300 Act of 1990, at UCSF

School of Pharmacy, in violation of the Equal Protection Clause.

On February 02, 2017, (Regents Employee) Dr. Sharon L. Youmans, Office of

Vice-Dean, informed [Esonwune],  that Tim Montgomery of UCSF Disability

Student Services, was not going to be allowed to attend  the meeting between her

staff and  [Esonwune].

69. There is no Enforcement by Individuals or Groups under the  Rehabilitation

Act of 1973, under section 501 and 504 of the Rehabilitation Act of 1973 (29

U.S.C. 791,794), at UCSF School of Pharmacy, in violation of the Equal

Protection Clause.

[Esonwune], was subjected to individuals (Employees) biases, who did not want to

provide Auxiliary Aids and Services, for her Class Room  Examination and

Review of (6-Week Rotation ) work.

70. On February 02, 2017, Plaintiff [Esonwune], was denied access to UCSF

School of Pharmacy Class Rooms or Work Sites.   There is no Enforcement by

Individuals or Groups of the California Constitution Article 9 Education (f), In

violation of the Equal Protection Clause.

71. There is no Enforcement by Individuals or Groups of the Education Amendments of 1972, Title IX (20 U.S.C. §§ 1681, et seq), In violation of the Equal Protection Clause. On February 01, 2017, [Esonwune], filed a "Disciplinary Appeal" with Defendant Chancellor Sam Hawgood MBBS, Office. The Appeal outlined ADA violations, "Sex-based harassment Violation's.

72. Plaintiff, incorporates paragraphs 24-71 above.

## COUNT I

## DISCRIMINATION BASED ON DISABILITY (TITLE II OF ADA)

Defendant, The Regents of California, [Regents] Violation of Title II of the Americans with Disabilities Act of 1990, under 42 U.S.C. §§ 12131-12165, 4231*31 U.S.C. § 12132, 42 U.S.C. § 12133.

73. Plaintiff, incorporates paragraphs 71-72 above.

74. Title ll, The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity. (Pub.L.101-336, title ll, § 201,

July 26,1990, 104Stat.337).

75. The Regents of California, [Regents] operates an "undergraduate, or postgraduate, or postgraduate private school, or other places of education, "which is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(J).

76.  The Regents of California, [Regents] has engaged in illegal disability discrimination, as defined by Title ll section 202, Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

77. The Regents of California,[Regents], as defined by Title ll including without limitation:  failing to provide auxiliary aids and services where necessary to ensure Communication.

78. [Regents] as Public entities must provide "program accessibility," the [Regents] have not modified its practices of Evaluation of Mid-Term Examinations, they left the decision to individual (Regents Employees).

79. [Regents] as Public entities must provide "program accessibility," the [Regents] have not modified its practices of Evaluation Advanced Pharmacy Practice Experience (APPE) Acute Care Medicine clinical rotation, they left the decision to individual (Regents Employees).

80. [Regents] as Public entities must provide "program accessibility," the

[Regents] have not modified its procedures in teaching (University Policies) for Attention-Deficit Hyperactivity disorder Symptoms (ADHD), Attention deficit Disorder (ADA), Dyslexia, they left the decision to individual (Regents Employees).

81. [Regents] as Public entities must provide "program accessibility, they refused and have not modified its procedures, to use Telephone Conference Meeting Calls to communicate with Disabled Students who are over one hour away from campus, they left the decision to individual (Regents Employees).

82. [Regents] as Public entities, unjustified Suspension of [Esonwune], from all Classes and Worksites owned and controlled by [Regents], "segregation of Plaintiff a person with disabilities under § 12132, is a form of discrimination" see §§ 12101(a)(2), 12101(a)(5).

83.Esonwune], and John (Doe) were both enrolled in the School of Pharmacy at the same time. John (Doe) a Male was not removed by the [Regents] from all his classes and worksites, after he committed a Sexual Assault.

84. The Defendant, Chancellor Sam Hawgood MBBS, allowed John (Doe) to finish his classes and graduate before he was disciplined. [Esonwune], was investigated and removed from her classes by the Defendant Chancellor

Sam Hawgood MBBS, over emails and one missed meeting.

[Esonwune], has alleged discrimination and shown that she received

differential treatment vis-a-vis members of a different group on the basis of

a statutorily described characteristic. See4 2 U. S. C. § 12132's

## COUNT II

Defendant The Regents of California,[Regents] Violation of The Rehabilitation Act of 1973,under section 501 and 504 of the Rehabilitation Act of 1973 (29 U.S.C. 791,794). as amended.

85. Plaintiff, incorporates paragraphs 73-84 above

86. [Regents] as public entity did not provide auxiliary aids to [Esonwune], a qualified student who has disabilities: they left it up to individual (Regents Employees) to would provide auxiliary aids. Thereby violating Section 504 regulation to provide auxiliary aids to qualified students who have disabilities.

87. [Regents] as public entity that received federal funds, they were obligated to provide auxiliary aids, to [Esonwune]. Under Section 504.

88. Under auxiliary aid or service, [Regents] as public entity did not provide effective communication, setting for Examination.

89. Under auxiliary aid or service, [Regents] as public entity did not provide effective communication, or setting for rotation training and learning Advanced Pharmacy Practice Experience (APPE) Acute Care Medicine clinical rotation.

## COUNT III

Defendant  The Regents of California,[Regents] and Defendant Chancellor Sam Hawgood MBBS, Violation of the Education Amendments of 1972, Title IX (20 U.S.C. §§ 1681, et seq),

90. Plaintiff,  incorporates paragraphs 85-89 above.

91. Defendant, The Regents of California,[Regents] and Defendant Chancellor Sam Hawgood MBBS, shows deliberate indifference to [Esonwune], in the schools handling of Disciplinary. It deprived [Esonwune], of access to the educational opportunities or benefits provided by the school .

92. [Esonwune], and John (Doe) were both enrolled in the School of Pharmacy at the same time. John (Doe) a Male was not removed by the [Regents] from all his classes and worksites, after committing a Sexual Assault. The Defendant Chancellor Sam Hawgood MBBS, allowed John (Doe) to finish his classes and graduate before he was disciplined. [Esonwune], was investigated and removed from her classes and worksites by the Defendant Chancellor Sam Hawgood MBBS, over emails and one missed meeting.

93. [Esonwune], has alleged discrimination and shown that she received

differential treatment vis-a-vis members of a different group on the basis of

a statutorily described characteristic. See4 2 U. S. C. § 12132's

94.[ Esonwune], complained of sexual discrimination in her Appeal, which

was mailed to Chancellors Office on February 01, 2017. On January 19,

2017.

[Esonwune] filed a Formal Grievance with the [Regents] Presidents Office,

located in Oakland, California.

95. [Esonwune] was engaged in a protected activity starting December 21,

2016 to January 15, 2017, with the (UCSF Harassment Attorney Viranond

Kanita), there is a causal connection between the discipline action of

[Regents] and Defendant Chancellor Sam Hawgood MBBS, an adverse

action.

96. [Esonwune]  was treated differently as a woman in the UCSF School of

Pharmacy, compared to being a student in the UCSF -Medical School, she

was made to take out student loans, where as Medical Students were given

more scholarships by Defendant (Regents of California).


## COUNT IV

Defendant Chancellor Sam Hawgood MBBS, Violation of  under Section

1983 of Title 42 of the U.S. Code and is part of the Civil Rights Act of 1871.

97. Plaintiff, incorporates paragraphs 90-96 above

98. Defendant Chancellor Sam Hawgood MBBS, subjected [Esonwune], to illegal conduct by denying her right to education equal to a males. [Esonwune], subjected conduct,

that occurred under color of state law, and this

conduct deprived [Esonwune],of rights, privileges, or immunities guarantee under federal law or the U.S. Constitution.

99. Defendant Chancellor Sam Hawgood MBBS, subjected [Esonwune], to ADA violation, Sex-based "harassment and Section 501 and 505 violation.


## COUNT V

Defendant The Regents of California,[Regents] and Defendant Chancellor Sam Hawgood MBBS, Violation of under California Constitution Article 9 Education (f).

100. Plaintiff, incorporates paragraphs 90-99 above

101. [ Esonwune], was denied access to University Education, because of her Disability, and Gender.

DAMAGES

102. Plaintiff, incorporates paragraphs 100-101 above ES

103. The conduct of the above-named Defendants, as set forth herein, in violating

Ms. Peace C. Esonwune' rights under the Americans with

Disabilities Act (ADA) under 42 U.S.C. §§ 12131-12165, 42 31*31 U.S.C. §

12132, 42 U.S.C. § 12133Act of 1990, ADA Amendments Act of 2008 (ADAAA)

as amended. The Rehabilitation Act of 1973, under section 501 and 504 of the

Rehabilitation Act of 1973 (29 U.S.C. 791,794), as amended. The Education

Amendments of 1972, Title IX (20 U.S.C. §§ 1681, et seq), as amended. Under

Section 1983 of Title 42 of the U.S. Code and is part of the Civil Rights Act of

1871 as amended. The California Constitution Article 9 Education (f) and the

common law of California, caused injuries, damages and harm to Ms. Peace C.

Esonwune, including, but not limited to, past and future economic loss, past and

future non-economic losses, including extreme emotional distress, loss of

reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish,

impairment in the quality of life; and consequential losses.

WHEREFORE, Plaintiff Peace C. Esonwune, Plaintiff requests judgment and
damages against Defendants: The Regents of California,[Regents] and Defendant
Chancellor Sam Hawgood MBBS, jointly, severally and/or individually, as
follows:

A. A declaratory judgment that Defendants have violated' Ms. Peace C. Esonwune'
right to be free from discrimination at the UCSF School of Pharmacy pursuant to
the Americans with Disabilities Act (ADA) under 42 U.S.C. §§ 12131-12165, 42
31*31 U.S.C. § 12132, 42 U.S.C. § 12133Act of 1990, ADA Amendments Act of
2008 (ADAAA), The Rehabilitation Act of 1973, under section 501 and 504 of the
Rehabilitation Act of 1973 (29 U.S.C. 791,794), The Education Amendments of
1972, Title IX (20 U.S.C. §§ 1681, et seq), Under Section 1983 of Title 42 of the

U.S. Code and is part of the Civil Rights Act of 1871, The California Constitution Article 9 Education (f).

B. Enter an injunction ordering Defendant, The Regents of California, [Regents] make Plaintiff whole with full back, benefits and reinstatement to a position as Four Year graduate Student with full class credit, she would have obtained in the absence of discrimination.

C. An award to Ms. Peace C. Esonwune' for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life and consequential loses;

D. An award to Ms. Peace C. Esonwune' for exemplary and/or punitive damages in an amount to be shown at trial;

E. An award to Ms. Peace C. Esonwune' for reasonable Legal Research fees and costs, including but not limited to The Education Amendments of 1972, Title IX (20 U.S.C. §§ 1681, et seq), Under Section 1983 of Title 42 of the U.S. Code and is part of the Civil Rights Act of 1871, The California Constitution Article 9 Education (f) and as provided under state law;

F. An award to Ms. Peace C. Esonwune' of interest on any awards at the highest rate allowed by law; and

G. Such other and further relief as this Court deems just and appropriate.


Respectfully Submitted

*Peace C. Esonwune* [signature]

Peace C. Esonwune,

Plaintiff,                                        April 27, 2017

1

2

PROOF OF SERVICE

3
I PEACE ESONWUNE, DID PROVIDE A COPY OF **AMENDING AS A MATTER OF COURSE**

4
**FED.R.CIVIL P. RULE 15(A)(1)** COMPLAINT TO SERVE ON
the Defendants at address listed below :

5

6

7
Office of the General Counsel University of California

8

9
Office of the President

10
1111 Franklin St., 8th Floor

11

12
Oakland, CA 94607

13
tel. 510.987.9800, 800.933.9777

14

15

16
Chancellor Sam Hawgood MBBS,

17
University of California, San Francisco, Office of the Chancellor, Box 0402-

18

19
550 16th, Street, 7th Floor, San Francisco, CA, 94143.

20

21

22

23
_Peace_  04/27/2017

24
Dated this [27 day of April, 2017]

25
Dated this [day] of [Month], [year]

26

27
ESONWUNE, PEACE (PRO SE)
[Attorney Name]

28

Case  No:CV-17-1102 LB

AMENDING AS A MATTER OF COURSE FED.R.CIVIL P. RULE 15(A)(1) - 26