United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PEACE C ESONWUNE,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 17-cv-01102-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 33 |

## INTRODUCTION

The plaintiff, who is representing herself, sued the Regents of the University of California, alleging that they discriminated against her based on her disability and gender while she was a student at the University of California San Francisco, School of Pharmacy.[1] The defendant Regents have moved to dismiss the complaint under Rule 12(b)(6). The court finds that it can decide the matter without oral argument, *see* Civ. L. R. 7-1(b), and grants the motion. The court also conducts mandatory screening under 28 U.S.C. § 1915(e)(2)(B) and dismisses the plaintiff's claims against UCSF Chancellor Samuel Hawgood.

---

[1] Am. Compl. – ECF No. 26, ¶ 13, 25–26, 29. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 17-cv-01102-LB

# STATEMENT

The plaintiff alleges that she is a U.S. Citizen of Nigerian descent, female, and disabled.[2] She enrolled as a student in the School of Pharmacy.[3] She alleges the following in her complaint about the alleged discrimination against her:

- In 2014, she learned that Asian professors did not want to meet with African disabled employees and would not keep their office hours or would say that they were busy if she tried to speak with them after class. But they would be available to write her up for an alleged violation of school rules. (¶ 29)

- In Winter 2015, Professor Betty Dong administered an exam, did not give her proper instructions, gave her a D, and refused to change the grade or meet with her. (¶ 30)

- In Summer 2015, Regents Employee Dr. Jaekyu Shin told her that she failed an exam and refused to let her inspect it in October 2015. (¶ 31) She asked to retake the exam because she had not been able to prepare over the summer (because she was caring for her son, who sustained a fractured right knee). (¶ 32) She sought support from her course director because the Associate Dean of Student and Curriculum Affairs recommended it; instead, Dr. Shin started yelling at her for being self-centered. (¶ 33) Dr. Shin blamed her for taking up too many resources because "arrangements have to be made and a proctor has to be paid for the student to take her exam"; she was forced to retake the exam and received an A. (¶ 34). As a result of the treatment, she had to receive counseling; Dr. Shin did not provide her with reasonable accommodation under the ADA. (¶ 35)

- From August 15, 2016 to September 23, 2016, Dr. Maggie Hingman Moy was her preceptor and told her on the first day of class that she did not feel comfortable allowing the plaintiff to see patients. (¶ 36) Dr. Moy was indifferent, unsupportive, and uninterested in providing the plaintiff real training any time that the plaintiff asked for help. (¶ 37) On September 12, 2016, during the plaintiff's presentation, Dr. Moy was indifferent and took two phone calls. (¶ 38)

- On September 15, 2016, Dr. Katherine Yang filed a discipline report based on the plaintiff's failure to respond to earlier emails from Dr. Heidi Macmaster; she gave no verbal warning in violation of school policy and did not provide the plaintiff with reasonable accommodation under the ADA. (¶¶ 39–40)

- In November 2016, Dr. Jennie Chang made false accusations in the plaintiff's midterm evaluation that the plaintiff was misleading about her oncology work experience, which will cause the plaintiff professional damage. (¶ 44) Dr. Chang told the plaintiff that — according to UCSF staff members — the plaintiff was not a good student. (¶ 45)

- On December 27, 2016, Dr. Yang emailed the plaintiff for an answer about a student project and then wrote her up for not answering email within a certain number of hours; the plaintiff was recovering from an automobile accident. (¶ 48) Dr. Yang filed reports regarding the plaintiff's violations regarding patient-information-discharge data. (¶¶ 49–51) Dr. Yang and Dr. Tsourounis acted arbitrarily, capriciously, and in bad

---

[2] *Id.* ¶ 13.

[3] *Id.* ¶ 27.

faith. (¶ 51) The plaintiff received a write-up in January 2017 for violating a patient's Privacy Act rights and for not answering email in a timely way. (¶ 62)

- On January 18, 2017, Dr. Sharon Youmans in the office of the Vice Dean told the plaintiff that she would be dismissed from the school for not showing up to a meeting. The plaintiff told Dr. Youmans that she would have to ride public transport for over two hours (presumably to get to the meeting). Dr. Youmans knew that the plaintiff was engaging in protected activity and was disabled and made no effort to accommodate her disability. (¶ 52)

- On February 1, 2017, Dr. Youmans placed the plaintiff on academic probation and expelled her from classes. (¶ 55). The plaintiff alleges that she was suspended for failing a formal grievance about ADA reasonable accommodation on January 19, 2017. (¶ 57) She also says that she raised sex-based harassment issues. By contrast, a male student who committed sexual assault was allowed to complete his studies. (¶ 63)

The plaintiff brings the following claims against the Regents (claims 1 through 3 and 5) and Chancellor Hawgood (claims 4 and 5): (1) discrimination based on disability in violation of the ADA; (2) violation of the Rehabilitation Act of 1973; (3) discrimination based on gender in violation of Title IX, 20 U.S.C. §§ 1681 *et seq.*); (4) discrimination based on gender (against Chancellor Hawgood only); and (5) discrimination based on gender and disability in violation of the California Constitution (the Regents and Chancellor Hawgood).[4]

## LEGAL STANDARD FOR MOTIONS TO DISMISS

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 50 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[4] Am. Compl. – ECF No. 26 at 17–22.

ORDER – No. 17-cv-01102-LB 3

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

### 1. ADA and Section 504 Claims

The ADA and Rehabilitation Act claims are analyzed under the same standard. *See Douglas v. Cal. Dept. of Youth Auth.*, 285 F.3d 1226, 1229 n.3 (9th Cir. 2002); *Lee v. Natomas Unified School Dist.*, No. 2:13-cv-00181-MCE-EFB, 2015 WL 871969, at *6 (E.D. Cal. Feb. 27, 2015). To state a claim, the plaintiff must allege that: (1) she is an individual with a disability, (2) she is otherwise qualified to participate in or receive the benefit of the entity's services, (3) she was discriminated against solely by reason of her disability, and (4) (4) the School of Pharmacy receives federal financial assistance (for the Rehabilitation Act claim), or is a public entity (for the ADA claim). *See Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1040, 1045 (9th Cir. 1999).

The plaintiff does not identify her disability or allege what services she was denied. She pleads only her conclusions that she was disciplined based on her disability and not any facts to support that conclusion. She does not state a claim.

### 2. Title IX Claim

Title IX prohibits educational institutions that receive federal funds from discriminating based on gender. 20 U.S.C. § 1681(a)(1). The plaintiff claims that she was discriminated against based

1 on her gender and identifies a male student who committed a rules violation — sexual assault —
2 and was allowed to complete his coursework. This does not state a claim. Her allegation of
3 discrimination is conclusory, and she identifies no connection between the disciplinary action and
4 her gender. Moreover, she does not show how she was treated differently than similarly situated
5 students.

### 3. State Claim

For the same reasons, the plaintiff fails to state claims of disability or gender discrimination under state law. She does not identify her disability or allege what services she was denied. She pleads only her conclusion that she was discriminated against based on gender and disability and not any facts that support that conclusion.

### 4. Claim Against Chancellor Hawgood

The plaintiff is proceeding *pro se* and *in forma pauperis*. Her first complaint named only the Regents; she amended her complaint as a matter of right after the Regents filed a motion to dismiss on the ground that her equal-protection and due-process claims against them were barred by the Eleventh Amendment.[5] In claim four, she names Chancellor Hawgood individually, presumably in response to the Eleventh Amendment argument. She has not served him, and the court has not authorized service against him.

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the

---

[5] Complaint – ECF No. 1 at 4; Motion to Dismiss – ECF No. 24 at 7–8.

complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *See Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The plaintiff fails to state a claim against Chancellor Hawgood for the same reasons that she fails to state claims against the Regents. She pleads only her conclusion that she was discriminated against based on gender and disability and not any facts that support that conclusion.

* * *

The plaintiff identifies that she is of Nigerian descent. While her claims address only disability and gender discrimination, she might be implying discrimination based on race. As with her claims of disability and gender discrimination, she does not plausibly allege any facts supporting the conclusion that she was discriminated based on her race.

## CONCLUSION

The plaintiff fails to state claims, and the court dismisses her complaint without prejudice and with leave to amend. She must file any amended complaint within 28 days from the date of this order.

**IT IS SO ORDERED.**

Dated: June 19, 2017

_____
LAUREL BEELER
United States Magistrate Judge