UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PEACE C ESONWUNE,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 17-cv-01102-LB<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND, DENYING MOTION TO STAY, AND DENYING MOTION TO DISQUALIFY**<br><br>Re: ECF Nos. 46, 48, and 51. |

## INTRODUCTION

Plaintiff Peace Esonwune, who is representing herself and proceeding *in forma pauperis*, sued the Regents of University of California and Chancellor Samuel Hawgood, alleging that they discriminated against her based on her gender and disability while she was a student at the University of California, San Francisco ("UCSF") School of Pharmacy.[1] The Regents moved to dismiss her second amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] The appearing parties are Ms. Esonwune and the Regents, who have consented to magistrate jurisdiction.[3] The court dismisses the claims against the Regents without

---

[1] Second Amend. Compl. ("SAC") – ECF No. 44. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] ECF No. 46. The court can decide the matter without oral argument. *See* Civ. L. R. 7-1(b).

[3] ECF Nos. 14, 23.

ORDER – No. 17-cv-01102-LB

leave to amend. The court dismisses the claims against UCSF Chancellor Samuel Hawgood under 28 U.S.C. § 1915(e)(2)(B) but grants leave to amend. The court also denies Ms. Esonwune's motions for a stay and to disqualify the undersigned.

**STATEMENT**

**1. Allegations and Claims in Second Amended Complaint ("SAC")**

Ms. Esonwune is a U.S. Citizen, disabled, female, and "African American of Nigerian descent."[4] She is disabled, "with a disability that limits her, in her major life activity of (Cognitive) Processing, Processing Speed."[5] She registered as disabled, requested reasonable accommodations, and received accommodations, such as twice the time to take tests, ten-minute breaks every two hours of testing, and a reduced-distraction environment.[6] But she wanted additional aids, such as "abbreviation expansion" software, "word prediction" software, and speech-to-text software.[7] "Over 60% of all students at UCSF School of Pharmacy [**Academic**] involved using of Computer Software, WebPages, Websites and Internet locations."[8] The "Computer Software, WebPages, Websites and Internet locations did not provide Reasonable Accommodation addressing [Esonwune['s]] cognitive processing, disability."[9] The School of Pharmacy does not provide computer software technology accessible to students with cognitive learning disabilities or make its website (with its course assignments, textbooks, and other materials) accessible to students on a basis equal to non-disabled students.[10]

Also, from Fall 2014 to February 2017, the Regents did not provide her with reasonable accommodation "in the area of (Class Room examination and Office Hours)."[11] Ms. Esonwune makes the following allegations:

---

[4] SAC – ECF No. 44 at 5 (¶¶ 19, 20).
[5] *Id.* at 5 (¶ 20) and 10–11 (¶ 47).
[6] *Id.* at 11, 27 (¶¶ 46–47, 49).
[7] *Id.* at 11–13 (¶¶ 50, 61–63).
[8] *Id.* at 12 (¶ 59).
[9] *Id.* at 12 (¶ 60).
[10] *Id.* at 2 (¶ 2).
[11] *Id.* at 13 (¶ 64).

- In Fall 2014, she learned that Asian professors did not want to meet with African disabled students for office hours. (SAC ¶¶ 65, 74.)
- In Winter 2015, Professor Betty Dong administered an exam, did not give her proper instructions, gave her a D, and refused to change the grade or meet with her. (*Id.* ¶ 66, 67.)
- In Summer 2015, Dr. Jaekyu Shin told her that she failed an exam and had to retake a course, and did not provide her software to address her disability. (*Id.* ¶ 68.)
- In Fall 2015, Dr. Shin carried out a "Sexist, Racial Attack on [Esonwune] a Disable[d] Student; the UCSF Student Health and Counseling Services knew it and did not report it. (*Id.* ¶ 75.) Dr. Shin did not receive proper race relations training. (*Id.* ¶ 76.)
- From August 15, 2016 to September 23, 2016, Dr. Maggie Hingman Moy was her preceptor and told her on the first day of class that she did not feel comfortable allowing the plaintiff to see patients. (*Id.* ¶ 96.) Dr. Moy was indifferent, unsupportive, and uninterested in providing the plaintiff with real training. (*Id.* ¶ 77.) During the plaintiff's presentation, Dr. Moy was indifferent and took two phone calls. (*Id.* ¶ 78.) In Summer 2016, Dr. Maggie Hingman Moy did not receive proper race relations training. (*Id.* ¶ 79.)
- From Spring 2014 to February 2017, the Regents failed to provide reasonable accommodations for her disability during class examinations, practical rotation, and class presentations. (*Id.* ¶ 80.)
- At some point during 2016, she was assigned to work with a "non-African-American" student on a project. Each time she was assigned to work with another student, Dr. Katherine Yang wrote discipline reports about Ms. Esonwune. (*Id.* ¶ 82.) Dr. Yang did not receive proper race relations training. (*Id.* ¶ 83.)
- On January 19, 2017 she notified the Regents that she was petitioning to address her concerns of race and disability issues. (*Id.* ¶ 85.) This petition was motivation for her suspension. (*Id.* ¶¶ 85, 90, 105.)
- On February 1, 2017, the school did not allow her to cross-examine witnesses used as evidence in her academic probation charges. (*Id.* ¶ 89, 95.)
- On February 1, 2017, the pharmacy school suspended her from all school activities. (*Id.* ¶ 86.)
- In February 2017, the school treated her differently than male students with respect to school discipline because the school suspended her, but allowed a male student to earn his degree. (*Id.* ¶ 100.) She also was "treated differently" than male students in the UCSF School of Medicine because she took out loans while the male medical students received scholarships. (*Id.* ¶ 99.)
- During her time in the pharmacy school, she never received a mentor. (*Id.* ¶ 101.)

Ms. Esonwune raises six claims: (1) denial of her right to petition the government for redress of her grievances, in violation of the First and Fourteenth Amendments; (2) denial of due process and her equal-protection rights in the disciplinary proceedings, in violation of the Fourteenth Amendment and Article 1 of the California Constitution; (3) violation of the ADA and Rehabilitation Act for failure to provide reasonable accommodations; (4) violation of Title IX for discrimination during the disciplinary proceedings; (5) violation of the ADA, Rehabilitation Act,

and Equal Protection Clause; and (6) a violation of Article 1 of the California Constitution.[12] She apparently names the Regents in claims one, two, three, four, and six.[13] She references Chancellor Hawgood in claims four, five and six.[14] The court construes her pleading liberally and assumes Ms. Esonwune names all defendants in all claims.

## 2. Relevant Procedural History

This is Ms. Esonwune's third complaint. After the Regents moved to dismiss her first complaint, she filed an amended complaint as a matter of right.[15] The Regents moved to dismiss the complaint under Rule 12(b)(6), and the court granted the motion with leave to amend.[16] It also dismissed the claims against Chancellor Hawgood under 28 U.S.C. § 1915(a).[17]

After Ms. Esonwune filed the SAC, the Regents moved to dismiss it under Rule 12(b)(6) for failure to state a claim.[18] The court has not authorized service against Chancellor Hawgood pending its reviewing under § 1915(e). Ms. Esonwune moved to stay the case so that she could serve Chancellor Hawgood[19] and moved to disqualify the undersigned.[20]

## GOVERNING LAW

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A claim will normally survive a motion to dismiss if it offers a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement "must contain sufficient factual matter, accepted as

---

[12] SAC – ECF No. 44 at 18–24,
[13] *Id*. at 17–24.
[14] *Id.* at 22–24.
[15] ECF Nos. 24, 26.
[16] ECF No. 40.
[17] *Id.*
[18] ECF No. 46.
[19] ECF Nos. 48, 51.
[20]

ORDER – No. 17-cv-01102-LB        4

true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

While the court construes *pro se* pleadings more "leniently," the court cannot salvage claims that are fatally deficient. *De la Vega v. Bureau of Diplomatic Sec.*, 2007 WL 2900496, at *1 (N.D. Cal. Oct. 1, 2007).

## ANALYSIS

Ms. Esonwune's complaint fails to state a claim against the Regents or Chancellor Hawgood. First, the Eleventh Amendment bars her federal constitutional claims against the Regents. Second,

United States District Court
Northern District of California

her ADA and Rehabilitation Act claims against the Regents fail because she does not allege that the accommodations provided to her are unreasonable. Third, her Title IX against both defendants fails because her allegations of gender discriminatory are conclusory and not supported by facts. Fourth, she has not pled facts supporting the claim that Chancellor Hawgood denied her right to petition the government for redress of grievances. Fifth, her due process claim against Chancellor Hawgood fails because she does not allege that she was deprived of the fair processes that the Fourteenth Amendment guarantees in school disciplinary proceedings. Sixth, she has not pled facts supporting her conclusion that Chancellor Hawgood discriminated against her based on gender in violation of the Equal Protection Clause. Seventh, her ADA and Rehabilitation Act claim against Chancellor Hawgood fails because she cannot sue him in his individual capacity under the ADA or Rehabilitation Act. Finally, the court declines to exercise supplemental jurisdiction over her remaining California constitutional claim against both defendants. The court dismisses the claims against the Regents under Rule 12(b)(6) with prejudice and without leave to amend. The court dismisses claims against Chancellor Hawgood under 28 U.S.C. § 1915(e)(2) without prejudice and with leave to amend.

The court denies Ms. Esonwune's motion for a stay and the motion to disqualify.

**1. The Eleventh Amendment Bars the Federal Claims One and Two Against the Regents**

Ms. Esonwune brings federal constitutional claims in claims one and two against the Regents.[21] The Eleventh Amendment bars these claims.

The Eleventh Amendment bars a lawsuit against a state or its instrumentalities absent the state's consent or abrogation of immunity by Congress. *Papasan v. Allain*, 478 U.S. 265, 276–77 (1986). Section 1983 did not abrogate a state's Eleventh Amendment immunity. *Quernn v. Jordan*, 440 U.S. 332, 341 (1979). California has not waived its immunity generally for section 1983 claims like the ones here. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). *Ex Parte Young* allows some lawsuits for prospective declaratory and injunctive relief against state

---

[21] SAC – ECF No. 44 at 18–20.

officers sued in their official capacities to enjoin an ongoing violation of federal law. *See* 209 U.S. 123 (1908); *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir.2005).

Ms. Esonwune's first claim is that the Regents violated the First and Fourteenth Amendment by denying her right to petition the government to redress her grievances.[22] Her second claim is that they violated the Fourteenth Amendment by denying her right to due process and equal protection in school disciplinary proceedings.[23] Because Ms. Esonwune is proceeding *pro se*, the court will presume that she intends to bring these claims under 42 U.S.C. § 1983, which is the statutory mechanism for seeking relief for a constitutional violation. *Stilwell v. City of Williams*, 831 F3d. 1234, 1240 (9th Cir. 2016) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Ms. Esonwune's § 1983 constitutional claims fail because she is suing the Regents of the University of California. The Regents are "an arm of the state for Eleventh Amendment purposes, and therefore . . . not a person within the meaning of section 1983." *Armstrong v. Meyers*, 964 F.2d 948, 949–950 (1992) (citing *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1442–43 (9th Cir. 1989)). The Regents are immune from claims under § 1983. Therefore, Ms. Esonwune's claims against the Regents under the First and Fourteenth Amendment fail.

Ms. Esonwune has suggested that the Regents can be sued under § 1983 because they fall within the exception identified in *Ex Parte Young*, 209 U.S. 123 (1908).[24] The sole exception created in *Young*, however, allowed a plaintiff to bring a suit challenging the conduct of a state official, not the state itself. *Id*. at 159–160. This is not applicable to the Regents.

The Eleventh Amendment bar thus applies to this case and defeats Ms. Esonwune's claims against the Regents under § 1983. Therefore, the court must dismiss the Ms. Esonwune's federal constitutional claims against the Regents with prejudice.

---

[22] *Id.* at 18.

[23] *Id.* at 19–20.

[24] Opp. – ECF No. 47 at 13.

### 2. ADA and Rehabilitation Act Claim (Regents)

Ms. Esonwune next claims that the Regents violated ADA and the Rehabilitation Act because they did not give her certain accommodations.[25] This claim fails because Ms. Esonwune does not state any facts about why the accommodations that UCSF gave her were unreasonable.

The ADA and Rehabilitation Act claims are analyzed under the same standard. *Douglas v. Cal. Dept. of Youth Auth.*, 285 F.3d 1226, 1229 n.3 (9th Cir. 2002); *Lee v. Natomas Unified School Dist.*, No. 2:13-cv-00181-MCE-EFB, 2015 WL 871969, at *6 (E.D. Cal. Feb. 27, 2015). To state a claim, the plaintiff must allege that: (1) she is an individual with a disability, (2) she is otherwise qualified to participate in or receive the benefit of the entity's services, (3) she was discriminated against solely by reason of her disability, and (4) the School of Pharmacy receives federal financial assistance (for the Rehabilitation Act claim), or is a public entity (for the ADA claim). *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1040, 1045 (9th Cir. 1999).

Although section the ADA does not expressly provide for reasonable accommodations, Congress entrusted the Attorney General with the authority to promulgate regulations defining the scope of the prohibitions set forth in Title II. *See* 42 U.S.C. § 12134(a). One such implementing regulation is 28 C.F.R. § 35.130(b)(7), which provides: "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. To state a claim for failing to provide reasonable accommodations, the plaintiff must show why any accommodations that an entity did provide were not reasonable." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1137 (9th Cir. 2001) (quoting *Memmer v. Marin County Courts*, 169 F.3d 630, 633–34 (9th Cir. 1999)).

There is no dispute that Ms. Esonwune was a qualified individual [26] and that UCSF had a duty to provide her with reasonable accommodations.[27] The issue is whether the Regents fulfilled that

---

[25] SAC – ECF No. 44 at 20–21, 22–23.

[26] *Id.* at 10 (¶¶ 46–47).

[27] *Id.* at 10 (¶¶ 46–47).

ORDER – No. 17-cv-01102-LB          8

duty. As an accommodation for her disability, UCSF gave her extended time (twice that of other students) on exams, a reduced distraction test-taking environment, and ten-minute exam breaks.[28] Ms. Esonwune identifies in her complaint other possible accommodations that she wanted. She does not claim that accommodations she received were insufficient or unreasonable. To state a claim, she must plead facts explaining why the accommodations given to her were unreasonable. Because she does not explain how the accommodations she received were insufficient, the court dismisses the ADA claim.

### 3. Title IX Claim (Regents and Chancellor Hawgood)

Ms. Esonwune claims that the Regents and Chancellor Hawgood violated Title IX because they discriminated against her based on her gender during her school disciplinary proceedings.[29] The claims against both the Regents and Chancellor Hawgood fail because no facts in the complaint plausibly establish a Title IX claim.

Title IX prohibits educational institutions that receive federal funds from discriminating based on gender. 20 U.S.C. § 1681(a)(1). Ms. Esonwune says that she was treated differently than male students in pharmacy school disciplinary proceedings because "she was suspended from the School without her degree, and John Doe was allowed to earn his degree."[30] She claims there is a causal connection between her engagement in "a protected activity starting December 21, 2016 to January 15, 2017, with the (UCSF Harassment Attorney Viranond Katina)" and the initiation of her disciplinary proceedings.[31] She does not provide any details about this protected activity or its connection to her disciplinary proceedings. Ms. Esonwune also claims that Chancellor Hawgood "shows deliberate indifference to [Esonwune], in the schools handing of Disciplinary process."[32]

As the court has previously told Ms. Esonwune, these allegations of discrimination are

---

[28] *Id.*

[29] SAC – ECF No. 44 a 21–22.

[30] *Id.* at 18 (¶ 100).

[31] *Id.* at 22 (¶ 131).

[32] *Id.* at 21 (¶ 126), 22 (¶132).

ORDER – No. 17-cv-01102-LB 9

conclusory. She does not identify any connection between the disciplinary action and her gender. Moreover, she does not show how she was treated differently than similarly situated students. As the court warned in its prior order, presenting this deficient claim will lead to dismissal.[33] The court thus dismisses the Title X claims against both the Regents and Chancellor Hawgood.

### 4. Right to Petition the Government (Hawgood)

Ms. Esonwune claims that Chancellor Hawgood has denied her right under the First Amendment to petition the government for redress of grievances. This claim fails because she does not provide any facts about Chancellor Hawgood's involvement with the grievances she filed at UCSF or her suspension proceedings.

An individual can bring a claim under § 1983 if a state actor deliberately retaliates against an individual for exercising of the right to petition the government. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Ms. Esonwune alleges that she was suspended from UCSF for filing a grievance in January 2017 addressed to the Regents.[34] This allegation does not mention the Chancellor. She alleges no facts supporting her conclusory allegation of retaliation and pleads no facts about Chancellor Hawgood's involvement in her disciplinary proceedings or alleged retaliation. The court dismisses the First Amendment claim.

### 5. Due Process in Disciplinary Proceeding (Hawgood)

Ms. Esonwune claims Chancellor Harwood denied her right to procedural due process under the Fourteenth Amendment because she was not represented by counsel and did not have the opportunity to cross-examine witnesses during an academic disciplinary proceeding.[35] This claim fails. The Fourteenth Amendment does not require UCSF to provide Ms. Esonwune with the procedures she requested.

---

[33] Order – ECF No. 40 at 5.

[34] SAC – ECF No. 44 at 18 (¶105).

[35] *Id.* at 17, 19 (¶95, 114).

In the context of school disciplinary proceedings, the Supreme Court has held that schools may give less process to a student who has been suspended for academic reasons than a student who is suspended for disciplinary reasons. *Bd. of Curators of the Univ. of Missouri. v. Horowitz*, 435 U.S. 78. In *Horowitz*, the Supreme Court found that there was no due process violation where the student was fully informed of faculty dissatisfaction with her progress and she also was informed of the threat to her continued enrollment. *Id.* The institution did not have to hold a formal hearing. *Id.* (distinguishing academic suspension from the disciplinary suspension due process requirements of *Goss v. Lopez*, 419 U.S. 565 (1975)); *see also Salus v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 2011 WL 4828821, at *3 (D. Nev. Oct. 10, 2011). Even under the more stringent standard for dismissal for disciplinary purposes, a student is only entitled to notice, a hearing, an explanation of the evidence, and an opportunity to respond to the allegations. *Lopez*, 419 U.S. 565, 9 (1975).

Ms. Ensonwune's complaint does not say why UCSF suspended her. It is not entirely clear to the court whether UCSF suspended her for academic reasons or for broader disciplinary purposes. Her complaint shows she was put on academic probation, missed deadlines, failed to respond to emails, and had a professionalism complaint lodged against her.[36]

Regardless, the plaintiff mentions nothing specifically about Chancellor Hawgood's connection to her individual disciplinary proceedings, except that he "shows deliberate indifference to [Esonwune] in the schools handing of Disciplinary process."[37] This allegation does not allege insufficient process. Students do not have a right to the procedures that the plaintiff claims the school denied her, such as representation by counsel and the right to cross-examine witnesses. *See Goss v. Lopez*, 419 U.S. 565, 9 (1975). Therefore, she has failed to state a viable claim against Chancellor Hawgood under the Fourteenth Amendment.

---

[36] *Id.* at 17 (¶29–30).

[37] *Id.* at 21 (¶126).

ORDER – No. 17-cv-01102-LB     11

### 6. Equal Protection in Disciplinary Proceeding (Hawgood)

Ms. Esonwune claims that Chancellor Hawgood discriminated against her based on her gender in violation of the Equal Protection Clause.[38] This claim fails because she provides no facts supporting the claim.

To survive a motion to dismiss on an Equal Protection Clause claim, a plaintiff must allege facts "that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). All Ms. Esonwune says about Chancellor Hawgood in this respect is that he denied "her right to education equal to a males" and "denied [Esonwune] African-American "class of one" equal protection, in a School Disciplinary Process a non-African American individual was treated differently from similarly situated [Esonwune] and that treatment was intentional and had no rational basis." These are legal conclusions, not facts. No facts in her complaint support these conclusions. Because she provides no support for her conclusory allegations of intentional discrimination by Chancellor Hawgood, Ms. Esonwune's Equal Protection Clause also fails.

### 7. ADA and Rehabilitation Act Claim (Hawgood)

Ms. Esonwune claims Chancellor Hawgood has violated the ADA and Rehabilitation Act. This claim fails. First, Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson,* 556 F.3d at 501. Ms. Esonwune's claims are against Chancellor Hawgood in his individual capacity.[39] Here, the proper defendant for an ADA claim is the Regents or Chancellor Hawgood in his *official* capacity. Second, even assuming that she sued the chancellor in his official capacity, her claim would fail. As discussed above, her complaint does not state any facts that plausibly show an ADA or Rehabilitation Act violation.

---

[38] *Id.* at 17, 19 (¶¶ 92, 110–111).

[39] *Id.* at 1.

### 8. California Constitutional Claim (Regents and Chancellor Hawgood)

Ms. Esonwune claims that the Regents and Chancellor Hawgood violated Article 1 § 7(a) of the California Constitution. She claims they denied her access to education based on her gender and disability and deprived her of due process in her school disciplinary proceedings. The court declines supplemental jurisdiction over the state law claims.

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And although courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of exercising supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, Ms. Esonwune asserts federal-question jurisdiction based on her federal claims.[40] But the court dismisses all federal claims. The remaining state-law claims do not support diversity jurisdiction because the parties are not completely diverse: Ms. Esonwune lives in California and the Regents have their principal places of business there, too. Because the case is in its early stages and because only state-law claims remain, the court declines to exercise supplemental jurisdiction in the interests of judicial economy and comity.

\* \* \*

In sum, the facts that Ms. Esonwune alleges against the Regents and Chancellor Hawgood do not plausibly state a claim for relief. Her complaint includes only conclusory allegations about discrimination and deprivation of due process.

---

[40] SAC – ECF No. 44 at 2–3.

The court has given Ms. Esonwune three chances to plead facts showing that the Regents discriminated against her based on her gender or disability. Further leave to amend her complaint to state claims against the Regents would be futile because Ms. Esonwune has not remedied the deficiencies in her complaint. The court dismisses the claims against the Regents with prejudice.

Under 28 U.S.C. § 1915(e)(2), the court dismisses the complaint against Chancellor Hawgood for failure to state a claim, but without prejudice and with leave to amend. Ms. Esonwune has had two chances to allege her claims against Chancellor Hawgood. The court gives her a final chance to amend her complaint but warns that if Ms. Esonwune does not remedy the deficiencies in her complaint, the court will dismiss the complaint with prejudice and without leave to amend.

**9. Motion for a Stay**

Ms. Esonwune filed two identical motions for a 60-day stay so that she can serve Chancellor Hawgood.[41] The court denies the motions. Ms. Esonwune is proceeding *in forma pauperis*. The court authorized service against the Regents, but pursuant to its mandatory review under 28 U.S.C. § 1915(e)(2), the court dismisses the complaint against Chancellor Hawgood for failure to state a claim and does not authorize service.

**10. Motion to Disqualify**

Ms. Esonwune moves to disqualify the undersigned under 28 U.S.C. § 144 and 455.[42] The court denies the motion. "The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted). "The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotation omitted). Disqualification under § 455 is justified

---

[41] Mots. – ECF Nos. 48, 51.

[42] Mot. to Disqualify – ECF No. 54.

either by actual bias or the appearance of bias. *Id.* A party seeking disqualification bears a "substantial burden" of showing bias; absent such a showing, courts presume impartiality. *Perry v. Brown*, 671 F.3d 1052, 1095 (9th Cir. 2012). Presenting education programs, teaching, and providing unpaid externships to law students do not reasonably establish a basis to question a judge's impartiality. *See Lunde v. Helms*, 29 F.3d 367, 370-71 (8th Cir.1994); *Wu v. Thomas*, 996 F.2d 271, 274–75 & n. 7 (11th Cir. 1993) (per curiam).

As grounds for disqualification, Ms. Esonwune cites the undersigned's "financial and non-financial ties with the Defendant U.C. Berkeley Law."[43] She also states that the undersigned "has been a faculty member of the defendant school teaching, classes giving speech and seminar, review, providing and supervising externship to the law school students."[44] These are not grounds for removal. A reasonable person would not question a judge's impartiality based on past teaching and use of externs for academic credit. The court denies the motion to disqualify.

## CONCLUSION

The court grants the Regents' motion to dismiss and dismisses the complaint with prejudice and without leave to amend. The court dismisses all claims against Chancellor Hawgood under 28 U.S.C. § 1915(e)(2)(B) without prejudice and with leave to amend. The plaintiff must file any amended complaint by October 10, 2017. The court denies the plaintiff's motions to stay and motion to disqualify the undersigned.

This disposes of ECF Nos. 46, 48, 51, and 54.

**IT IS SO ORDERED.**

Dated: September 12, 2017

_____
LAUREL BEELER
United States Magistrate Judge

---

[43] *Id.* at 4.

[44] *Id.* at 7.